**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWIN ABRAHAM QUINTANILLA-ZELAYA,<br><br>                Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>                Respondent. | No. 10-71130<br><br>Agency No. A098-432-935<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2011[**]

Before:    SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

Edwin Abraham Quintanilla-Zelaya, a native and citizen of El Salvador,

petitions pro se for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's ("IJ") decision denying his

application for asylum, withholding of removal, and protection under the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

We reject Quintanilla-Zelaya's claim that he is eligible for asylum and withholding of removal based on past harm by gangs and resistance to gang recruitment. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 745-46 (9th Cir. 2008) (rejecting as a particular social group "young men in El Salvador resisting gang violence"); *see Ramos-Lopez v. Holder*, 563 F.3d 855,862 (9th Cir. 2009) (young Honduran men resisting recruitment do not constitute a particular social group); *see Barrios v. Holder,* 581 F.3d 849, 855 (9th Cir. 2009) (refusal to join a gang does not make petitioner part of a particular social group). Substantial evidence also supports the agency's finding that Quintanilla-Zelaya failed to establish a well-founded fear of future persecution on account of a protected ground. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481 n.1 (1992); *see Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003). Accordingly, because Alvarez-Diaz failed to

demonstrate that he was persecuted or fears persecution on account of a protected ground, his asylum and withholding of removal claims fail. *See Barrios*, 581 F.3d at 856.

Finally, substantial evidence supports the agency's denial of Quintanilla-Zelaya's CAT claim because Quintanilla-Zelaya failed to demonstrate the police acquiesced in the gang's criminal actions against him and failed to show it is more likely than not that he will be tortured if he returns to El Salvador. *See Santos-Lemus*, 542 F.3d at 748. The record does not support Quintanilla-Zelaya's claim that the IJ and the BIA used the incorrect standard to evaluate his CAT claim.

**PETITION FOR REVIEW DENIED.**